J-S02018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KENDRA J. WOODSON | : | |
| Appellant | : | No. 1441 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 2, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003975-2023

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 24, 2025**

Appellant, Kendra J. Woodson, appeals from the May 2, 2024 judgment of sentence entered in the Montgomery County Court of Common Pleas following her conviction of Simple Assault—Bodily Injury. Appellant challenges the sufficiency and weight of the evidence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On May 25, 2023, Appellant, an inmate Montgomery County Correctional Facility, was involved in a physical altercation with a fellow inmate. While Appellant and the other inmate were entangled and just as Appellant was about to strike the other inmate, a corrections officer, Jennifer Davenport (the "Victim"), approached Appellant from behind and separated her from the other inmate. Appellant then bit the Victim's inner left bicep, causing the Victim sharp pain and significant bruising that lasted for several weeks, and necessitating medical treatment. N.T. Trial, 2/7/24, at 46, 48, 50.

Following this incident, the Commonwealth charged Appellant with Simple Assault—Bodily Injury and Aggravated Assault of a Correctional Officer.[1]

On February 7, 2024, Appellant appeared for a jury trial at which the Victim testified consistently with the above facts. She also testified that, as she approached the inmates engaged in the altercation, she instructed them to separate. N.T., 2/7/24, at 43. She testified that sometimes inmates and guards are assaulted from behind. *Id.* at 52. She testified that this incident happened in the heat of the moment, that Appellant's attention was focused on the other inmate, and that the Victim enveloped Appellant in "bear hug" from behind to pull her away from the other inmate, placing her bicep immediately in front of Appellant's face. *Id.* at 55-56, 59. In addition to hearing the Victim's testimony, the jury had the opportunity to view video surveillance footage of the incident and photographs of the Victim's injuries.

At the close of the Commonwealth's case-in-chief, with respect to the Simple Assault-Bodily Injury charge, the following exchange between Appellant's counsel and the court took place:

> The Court: Let me ask the prosecution: You've charged her with causing or attempting to cause bodily injury. Are you proceeding on both – let me ask the [d]efense: **Is there any dispute that bodily injury was in fact caused here**?

_____

[1] 18 Pa.C.S. §§ 2701(a)(1) and 2702(a)(3), respectively.

[Appellant's Counsel]: Judge, I think that she testified to substantial pain.

The Court: Yes, she did.

[Appellant's Counsel]: And I don't believe that accordingly there is a meritorious argument that injury is not –

The Court: **Your argument is bodily injury is caused but she didn't know it was a correction officer**?

[Appellant's Counsel]: **That's correct**.

*Id.* at 71-72 (emphasis added).

That same day, the jury convicted Appellant of Simple Assault—Bodily Injury and acquitted her of Aggravated Assault of a Correctional Officer. On May 2, 2024, the trial court sentenced Appellant to a mandatory term of three months to two years of incarceration.

Appellant filed a post-sentence motion in which she claimed, *inter alia*, that the jury's verdict was against the weight of the evidence because it demonstrated that Appellant acted in self-defense. On May 13, 2023, the trial court denied Appellant's post-sentence motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

1. Whether sufficient evidence supported [] Appellant's conviction for simple assault where she did not intentionally, knowingly[,] or recklessly cause bodily injury to the complainant?

2. Whether Appellant waived a self-defense defense where she introduced evidence that inmates are frequently attacked from behind?

3. Whether the verdict was against the weight of the evidence where she introduced evidence that established she acted in self-defense?

Appellant's Brief at iv.[2]

In her first issue, Appellant challenges the sufficiency of the evidence in support of her Simple Assault—Bodily Injury conviction. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "Our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Mikitiuk*, 213 A.3d 290, 300 (Pa. Super. 2019). When reviewing sufficiency challenges, we evaluate the record in the light most favorable to the verdict winner, giving the Commonwealth the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014).

This Court will not disturb a verdict if the evidence produced at trial is "sufficient to establish all elements of the offense beyond a reasonable doubt." *Id.* (citation omitted). "[A] conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa.

---

[2] Appellant's brief to this Court contains only two sections of argument, which appear to correspond with her first and third questions presented. Therefore, we consider Appellant's second question only to the extent that she has also presented argument with respect to that claim within her first and third issues.

Super. 2017). "[T]he appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

A person is guilty of Simple Assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). The Crimes Code defines "bodily injury" as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. "[I]njuries that are 'trivial in nature,' 'noncriminal contact resulting from family stress and rivalries,' or a 'customary part of modern day living' do not satisfy this element." ***Commonwealth v. Wroten***, 257 A.3d 734, 744 (Pa. Super. 2021) (citation omitted).

Appellant claims that the Commonwealth failed to adduce sufficient evidence that her conduct caused the Victim "bodily injury" because the Victim incurred only a single bruise to the arm and, thus, did not suffer "an impairment of physical condition or substantial pain." Appellant's Brief at 2. Appellant characterizes Appellant's conduct instead as "unintentionally caus[ing] a minor injury" to the Victim and as an "involuntary react[ion] to having an arm wrapped around her head" while Appellant "reasonably believed that she was being attacked from behind[.]"[3] ***Id.*** at 5-6.

---

[3] Appellant also baldly asserts that the Commonwealth did not prove that she acted intentionally, knowingly, or recklessly when she bit the Victim. ***Id.*** at 8-9. Appellant has not, however, developed her argument in support of this claim with citation to and discussion of controlling case law. ***See Commonwealth v. Wilson***, 147 A.3d 7, 15 (Pa. Super. 2016) ("Where an appellant offers no citation to pertinent case law or other authority in support

*(Footnote Continued Next Page)*

As a prefatory matter, we observe that, as set forth above, the notes of testimony from Appellant's trial indicate that Appellant conceded that she caused the Victim bodily injury. N.T. at 72. Furthermore, even if Appellant had not conceded this point, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the Commonwealth presented sufficient evidence to prove that Appellant caused the Victim bodily injury. The Victim testified that Appellant bit her, resulting in her feeling a "sharp pain" and requiring her to seek medical treatment. N.T. at 46, 50. She also testified that she experienced significant bruising on her arm that "lasted for a couple weeks and was very tender and sore." *Id.* at 48. Appellant's claim that the Commonwealth did not prove that she caused the Victim bodily injury, thus, fails.[4]

Appellant next claims that the jury's verdict was against the weight of the evidence because the evidence showed that Appellant was justified in her use of force against the Victim. Appellant's Brief at 12. She contends that the Victim's testimony on cross-examination "established that attacks sometimes occur from behind, [the Victim] approached [] Appellant from

---

of an argument, the claim is waived."); *see also* Pa.R.A.P. 2119(a) (requiring citation to legal authority to support an argument set forth in an appellate brief). Accordingly, Appellant has waived this claim.

[4] With respect to this claim, we find this Court's non-precedential decision in ***Commonwealth v. Santos***, 2020 WL 3441252 (Pa. Super. 2020), instructive. In ***Santos***, this Court affirmed the defendant's judgment of sentence following his conviction of, *inter alia*, Simple Assault for biting the torso of a corrections officer, who suffered minor scrapes and bite marks and required a tetanus shot.

behind, [the Victim] wrapped her arm around [] Appellant from behind, and [] Appellant was engaged in an altercation with another inmate at the that time." *Id.* at 12-13. She argues that because she had no way of knowing that it was the Victim behind her and not another inmate, she reasonably believed that another inmate was attacking her from behind and she was, therefore, justified in her use of "a minor degree of force to repel" the "unlawful force of another person." *Id.* at 13.

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). "Resolving contradictory testimony and questions of credibility are matters for the fact[-]finder." *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert*, 129 A.3d at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. *Id.* at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's

determination that the verdict is [or is not] against the weight of the evidence." *Id.* at 546 (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.* (citation omitted).

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." *Id.* (citation and internal quotation marks omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014) (citation omitted). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 n.3 (Pa. 2000).

Here, the jury heard the Victim's testimony, viewed the video recording of the incident, and rejected Appellant's claim that she was acting in self-defense. Appellant essentially asks us to reweigh the evidence and conclude

that she bit the Victim in self-defense. We cannot and will not do so. Our review of the record shows that the evidence is not so tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the conscience of the court. Accordingly, we discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/24/2025